**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RANDY CARL HINKLEY,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:11-0525** |
| v. | : | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE,** *et al* | : | **(CAPUTO, D.J.)** **(MANNION, M.J.)** |
| | : | |
| **Defendants** | | |

### **REPORT AND RECOMMENDATION**[1]

Presently before the court is a document filed by the plaintiff titled "Petition for R.O.R. Bail, Nature of Habeas Corpus, 28 U.S.C. §2254." (Doc. No. 28). In addition, the plaintiff has filed an application to proceed *in forma pauperis*. (Doc. No. 29). Upon review of the record in this case, it is recommended that both the petition and the application to proceed *in forma pauperis* be dismissed.

By way of relevant background, the plaintiff filed the instant civil rights action pursuant to 42 U.S.C. §1983 on March 21, 2011, in which he claims that his due process rights are being violated in relation to his parole review because he is being forced to participate in a secular faith-based program prior to consideration of release on parole. On August 16, 2011, the plaintiff

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

filed an amended complaint adding defendants and claims. (Doc. No. 18). The plaintiff is seeking declaratory relief as well as monetary damages.

On April 11, 2011, the plaintiff filed a motion for injunctive relief in which claimed to have received notice since the filing of this action that he was to be transferred to another facility. In his motion, the plaintiff sought to have this court either grant him bail or, in the alternative, prevent the Department of Corrections from transferring him to another facility. (Doc. No. 9). By report dated October 11, 2011, the undersigned recommended that the motion for injunctive relief be denied. (Doc. No. 22). In doing so, the court noted that, although the court would have the inherent authority to release a state prisoner on bail pending an application for writ of habeas corpus in which the prisoner was seeking to overturn his conviction or sentence, the court may not order a prisoner's release into the community in a §1983 action. Moreover, since the plaintiff filed the instant §1983 action seeking only declaratory relief and damages, the court noted that releasing the plaintiff on bail as a form of injunctive relief would be inappropriate because the nature of the injunctive relief was of a different character than that sought in the underlying suit. The court further recommended that the plaintiff's request to prevent the Department of Corrections from transferring him to another facility be denied because the court has no authority to direct the Department of Corrections to house the plaintiff at an institution of his choosing, as this action would interfere with the administrative authority given to the Department of

Corrections to manage its institutions. (Doc. No. 22).

On December 1, 2011, in an apparent attempt to seize upon the language contained in the report of the undersigned relating to the court's inherent authority to grant release on bail in a habeas corpus action, the plaintiff filed in the instant civil rights action a petition in the "nature of habeas corpus," (Doc. No. 28), along with an application to proceed *in forma pauperis*, (Doc. No. 29), in which he seeks the same relief of release on bail as in his motion for injunctive relief. In the alternative, the plaintiff seeks to have his petition requesting bail transferred to the Eastern District of Pennsylvania where he currently has pending a petition for writ of habeas corpus challenging his present confinement. See Hinkley v. Frederick, et al., United States District Court, Eastern District of Pennsylvania, Civil Action No. 5:11-cv-0909 (Sanchez, J.).

By order dated December 6, 2011, the report of the undersigned addressing the plaintiff's motion for injunctive relief was adopted and the motion was denied. (Doc. No. 30).

As was discussed in the court's prior report addressing the plaintiff's motion for injunctive relief, it is not within the court's authority to release the plaintiff on bail in relation to the instant §1983 action. The fact that the plaintiff has now titled his request as one for habeas corpus relief, apparently in response to language contained in the prior report, is of no consequence as the underlying claims are the same. Moreover, to the extent that the plaintiff

seeks to have his petition for bail transferred to the Eastern District of Pennsylvania to be considered in conjunction with his currently pending petition for writ of habeas corpus in that court, the docket in that action reflects that the plaintiff has already filed a petition for bail in that action. In fact, the plaintiff has filed several, many of which have already been denied, and one of which was filed after the petition in this action and is still pending.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)**   the plaintiff's document titled as a "Petition for R.O.R. Bail, Nature of Habeas Corpus, 28 U.S.C. §2254," **(Doc. No. 28)**, be **DISMISSED**; and

**(2)**   the plaintiff's motion to proceed *in forma pauperis*, **(Doc. No. 29)**, be **DISMISSED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: January 5, 2012**
O:\shared\REPORTS\2011 Reports\11-0525-02.wpd