**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RANDY CARL HINKLEY, | |
| Plaintiff, | CIVIL ACTION NO. 3:11-0525 |
| v. | |
| PENNSYLVANIA BOARD of PROBATION & PAROLE, et al., | (JUDGE CAPUTO) |
| | (MAGISTRATE JUDGE MANNION) |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the Report and Recommendation of Magistrate Judge Mannion. (Doc. 34.) Magistrate Judge Mannion recommends Plaintiff's Petition for R.O.R. Bail Nature of Writ of Habeas Corpus (Doc. 28) and Motion for Leave to Proceed with Petition for Writ of Habeas Corpus *In Forma Pauperis* (Doc. 29) be dismissed. Plaintiff objects to the Magistrate Judge's recommendations. (Doc. 37.) Because Plaintiff is improperly attempting to insert a habeas petition into this action, the Court will adopt Magistrate Judge Mannion's Report and Recommendation (Doc. 34) in its entirety.

As set forth in the Report and Recommendation (Doc. 34), this action is a civil rights action pursuant to 42 U.S.C. § 1983. On April 11, 2011, Plaintiff filed a motion for injunctive relief requesting the Court to grant him bail. (Doc. 9.) On October 11, 2011, Magistrate Judge Mannion issued a Report and Recommendation recommending that the motion for injunctive relief be denied because the motion requested relief that was of a different character than that sought in the underlying suit. (Doc. 22.) The Court adopted the October 11, 2011 Report and Recommendation and the motion for injunctive relief was denied. (Doc. 30.)

Plaintiff, however, in response to the October 11, 2011 Report and Recommendation, filed in the present § 1983 action a petition in the "nature of habeas corpus," (Doc. 28), along with an application to proceed *in forma pauperis*. (Doc. 29.) Magistrate Judge Mannion recommends dismissing both filings. (Doc. 34.) Plaintiff objects on the basis that the Magistrate Judge failed to properly consider his "Response to Defendants' Opposition to R.O.R. Bail." (Doc. 35.)

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F.Supp. 736, 738 (M.D.Pa.1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D.Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D.Pa.1998).

Here, Magistrate Judge Mannion properly recommends dismissing Plaintiff's petition in the "nature of habeas corpus," (Doc. 28), along with the application to proceed *in forma pauperis*. (Doc. 29.) Although Plaintiff alleges that he is not asserting a habeas petition "but rather by extension an additional Substantive Due Process retaliation claim sounding in habeas," (Doc. 35), the relief Plaintiff seeks, immediate release, is not properly brought in a § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)). Alternatively, Plaintiff seeks transfer of his petition for bail to the Eastern District of Pennsylvania to be considered in conjunction with his currently pending habeas petition in that court. (Doc. 28.) As noted by Magistrate Judge Mannion, it is unnecessary to transfer Plaintiff's petition to the Eastern District of Pennsylvania because Plaintiff has already filed multiple petitions for bail in that court. Accordingly, Magistrate Judge Mannion's Report and Recommendation (Doc. 34) will be adopted.

An appropriate order follows.

March 26, 2012  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge