**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RANDY CARL HINKLEY,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:11-0525** |
| v. | : | |
| | : | **(CAPUTO, D.J.)** |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE,** *et al* | : | **(MANNION, M.J.)** |
| | : | |
| **Defendants** | | |

## REPORT AND RECOMMENDATION[1]

Presently before the court is the defendants' partial motion to dismiss the plaintiff's amended complaint. (Doc. No. 23). Based upon the court's review of the motion and related materials, it is recommended that the motion be granted.

By way of relevant background, the plaintiff filed the instant civil rights action pursuant to 42 U.S.C. §1983 on March 21, 2011, which raises claims related to the denial of his parole. On August 16, 2011, the plaintiff filed an amended complaint adding defendants and claims. (Doc. No. 18). The plaintiff is seeking declaratory relief as well as monetary damages.

On October 14, 2011, the defendants filed a partial motion to dismiss the plaintiff's amended complaint, (Doc. No. 23), along with a brief in support

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

thereof, (Doc. No. 24). The plaintiff filed a brief in opposition to the defendants' motion on November 2, 2011, (Doc. No. 25), and filed a correction to his opposing brief on November 4, 2011, (Doc. No. 26). The defendants filed a reply brief on November 10, 2011. (Doc. No. 27).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of a complaint. In deciding a motion to dismiss, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). The court also need not accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (holding that, while the complaint need not

contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atlantic Corp. v. Twombly, supra and providing further guidance on the standard set forth therein).

In deciding a motion to dismiss, a court should generally consider only the allegations contained in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which plaintiff has identified as the basis of his claim. See Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Upon review of the plaintiff's amended complaint and the documents attached thereto, the plaintiff alleges that he was sentenced in 2005 to a 3 ½ to 8 year sentence for escape and defiant trespass/criminal mischief.

The plaintiff was received at SCI-Coal Township on December 1, 2005, and, shortly thereafter, in January 2006, was placed in a Therapeutic Community Program and transferred to the Therapeutic Community block. The plaintiff alleges that as part of his placement his law library time was cut to two hours per week and that he was required to attend Alcoholics Anonymous/Narcotics Anonymous, ("AA/NA"), meetings. If he did not attend the Therapeutic Community Program, the plaintiff alleges that he was told he would be "maxed out."

The plaintiff was ultimately removed from the Therapeutic Community

3

Program in late 2007. In January 2008, the plaintiff's application for parole was denied based upon his failure to complete the program.

In April 2008, the plaintiff was offered to be returned to the Therapeutic Community Program, but he refused.

In January 2009, the plaintiff again requested parole. In his application, the plaintiff complained that he was being coerced into attending AA/NA meetings and that he was subjected to homosexual acts by his cellmate while in the Therapeutic Community Program. The plaintiff's application for parole was denied on March 5, 2009, with the plaintiff having received the denial on March 12, 2009. Shortly thereafter, the plaintiff was afforded an alternative program to the Therapeutic Community Program, which he completed on January 12, 2010.

On December 6, 2010, the plaintiff's application for parole was granted. As conditions of his parole, the plaintiff was to complete an inpatient treatment program, as well as maintain employment. The plaintiff's tentative release date was April 19, 2011, to the Progress Community Corrections Center. Prior to his release, however, the plaintiff submitted correspondence indicating that he was no longer seeking to be released on parole and instead wanted to "max out" and return to California. Plaintiff is currently set to remain incarcerated until the maximum expiration of his sentence on October 7, 2012.

In their partial motion to dismiss the plaintiff's complaint, the defendants

first argue that plaintiff's claims against the Parole Board, SCI-Coal Township Sunrise Mountain Therapeutic Community Program, ("SCI-Coal Township"[2]), and the individual defendants in their official capacities are barred by sovereign immunity. (Doc. No. 24, pp. 5-6). The plaintiff does not oppose this argument in his opposing brief, and the court agrees that the claims brought against these defendants are barred.

Federal courts can not consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985); Edelman v. Jordan, 415 U.S. 651, 662 (1974). This immunity extends to suits asserting civil rights violations where the state is named as a defendant. Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir.1981). "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." Chittister v. Dep't. of Community & Economic Dev., 226 F.3d 223, 226 (3d Cir.2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. "By statute Pennsylvania has specifically withheld consent [to be sued]." Laskaris, 661

---

[2]The defendants' materials provide that the Therapeutic Community Program is supervised by the Pennsylvania Department of Corrections and subject to the Department's policies and, as such, is an arm of the Pennsylvania Department of Corrections.

F.2d at 25 (citing Pa. Cons.Stat. Ann. §§8521(b)). Additionally, §1983 does not abrogate the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 345 (1979). Further, an essential element of any claim under §1983 is that the alleged wrongdoing was committed by a "person." 42 U.S.C. §1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under §1983." Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989). Therefore, the plaintiff's complaint should be dismissed as against the Parole Board, SCI-Coal Township and the individual defendants in their official capacities.

The defendants also argue that the plaintiff's claims against Gene Mull are barred by the statute of limitations. Specifically, the plaintiff claims in his amended complaint that, from 2006 through 2007, he was forced by defendant Mull to attend a faith based treatment program, (i.e., AA/NA). The plaintiff filed his original complaint in this action on March 21, 2011. (Doc. No. 24, pp. 6-7).

Section 1983 creates no substantive rights, but rather allows a plaintiff to vindicate violations of rights created by the U.S. Constitution or federal law. Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). Claims under §1983 are generally subject to a state's statute of limitations on personal injuries. City of Rancho Palos Verdes, California v. Abrams, 544 U.S. 113, 123 n.5 (2005) (citing Wilson v. Garcia, 471 U.S. 261, 275, 276 (1985)); Garvin v. City of

6

Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003). In Pennsylvania, the statute of limitations on bringing a personal injury cause of action is two years. 42 PA. CONS. STAT. ANN. §5524(7) (West 2006); Garvin, 354 F.3d at 220.

In his opposing brief, the plaintiff alleges that his claims against defendant Mull are not barred by the applicable statute of limitations based upon the continuing violations doctrine. (Doc. No. 25). The "continuing violations doctrine" constitutes an "equitable exception to the timely filing requirement." West v. Phila. Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995). Under this doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am ., 927 F.2d 1283, 1295 (3d Cir. 1991). Pursuant to the continuing violations doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts," West, 45 F.3d at 755, and the doctrine "does not apply when plaintiffs are aware of the injury at the time it occurred." Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 417 n. 6 (3d Cir. 2003).

Here, there is no indication that any of the actions by defendant Mull fell

within the two year statute of limitations time period[3]. All of the actions alleged to have been taken by defendant Mull occurred in 2006 and 2007. Therefore, the defendants' motion to dismiss should be granted on this basis.

The defendants next argue that the plaintiff's claims against defendants McVey, Barkley, and Daub fail for want of personal involvement. (Doc. No. 24, pp. 7-8).

To state a claim under §1983, the plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School District, 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997) (citing Rhode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Moreover, relief cannot be granted against a defendant pursuant to §1983 based solely on the theory of respondeat superior or the fact that the defendant was the supervisor or superior of the person whose conduct actually deprived the plaintiff of one of his federally protected rights under color of state law. Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999); Hampton v. Holmesburg Prison

---

[3]The defendants' materials indicate that defendant Mull, in fact, retired in 2008.

Officials, 546 F.2d 1077 (3d Cir. 1976); Goode v. Rizzo, 506 F.2d 542, 550 (3d Cir. 1974), rev'd on other grounds, Rizzo v. Goode, 423 U.S. 362 (1976).

Here, other than naming these individuals in the caption of his amended complaint, the plaintiff has failed to set forth any allegations against them which would indicate that they were personally involved in any alleged violation of his constitutional rights.

In his opposing brief, the plaintiff alleges that these individuals should not be dismissed on the basis that they "signed off" on the decisions made by defendants Mull and Hamm. However, as set forth above, *respondeat superior* is not a basis for §1983 liability. Therefore, the defendants' motion to dismiss the plaintiff's amended complaint should be granted on this basis as well.

Finally[4], the defendants argue that the plaintiff's complaint should be dismissed to the extent that no private right of action exists under the Pennsylvania Constitution. (Doc. No. 24, p. 8).

Upon review, the plaintiff is apparently attempting to set forth a claim against the SCI-Coal Township Therapeutic Community Program pursuant to the Pennsylvania Constitution. The court is recommending dismissal as to this defendant on the basis of Eleventh Amendment immunity. In any event, to the

---

[4] In their partial motion to dismiss the plaintiff's amended complaint, the defendants had also argued that the plaintiff's claims arising from the March 5, 2009 denial of parole were barred by the statute of limitations. However, the defendants have since withdrawn this argument. (Doc. No. 27, p. 4).

extent that the plaintiff is asserting a claim pursuant to the Pennsylvania Constitution, the court agrees that there is no private right of action for damages in a suit alleging violation of the Pennsylvania Constitution and therefore any such claim will not support a §1983 action. See Gary v. Braddock Cemetery, 517 F.3d 195, 207 n.4 (3d Cir. 2008). The defendants' motion for partial dismissal should also be dismissed with respect to this claim.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the defendants' partial motion to dismiss the plaintiff's complaint, **(Doc. No. 23)**, be **GRANTED**; and

**(2)** the instant action be remanded for further proceedings on claims related to the denial of plaintiff's parole.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: August 16, 2012**
O:\shared\REPORTS\2011 Reports\11-0525-03.wpd