**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RANDY CARL HINKLEY,

    Plaintiff,

v.

PENNSYLVANIA BOARD OF
PROBATION & PAROLE, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-11-0525

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MANNION)

## **MEMORANDUM**

Presently before the Court is Magistrate Judge Mannion's Report and Recommendation (the "R & R") (Doc. 62) to Defendants' Partial Motion to Dismiss the Amended Complaint. (Doc. 23.) The R & R recommends granting Defendants' partial motion to dismiss. Plaintiff Randy Carl Hinkley objects only to the recommendation to dismiss the claims against Defendant Gene Mull. (Doc. 63.) Because Plaintiff's claims against Defendant Mull are time-barred and the uncontested portions of the R & R are not clearly erroneous, the Report and Recommendation (Doc. 62) will be adopted in its entirety.

### **I. Background**

As set forth in greater detail in the R & R, Plaintiff commenced this 42 U.S.C. § 1983 action on March 21, 2011. (Doc. 1.) The original complaint raised claims related to the denial of Plaintiff's parole. (Doc. 62, 1.) On August 16, 2011, Plaintiff filed an Amended Complaint adding additional Defendants and claims. (*Id.*) The Amended Complaint alleges that Plaintiff was sentenced in 2005 to a 3.5 to 8-year prison term for escape and defiant trespass/criminal mischief. (*Id.* at 3.)

Plaintiff was incarcerated at SCI-Coal Township on December 1, 2005. (*Id.*) Shortly thereafter, Plaintiff was placed in a Therapeutic Community Program and transferred to the Therapeutic Community block. (*Id.*) As part of his placement in this program, Plaintiff's law library time was reduced to two hours per week and he was required to attend Alcoholics

Anonymous/Narcotics Anonymous ("AA/NA") meetings. (*Id.*) Plaintiff alleges that he was told that he would be "maxed out" if he did not attend the Therapeutic Community Program. (*Id.*)

Plaintiff was removed from the program in late 2007, and his application for parole in January 2008 was denied based upon his failure to complete the program. (*Id.* at 4.) Plaintiff was offered the opportunity to return to the Therapeutic Community Program in April 2008, but he refused. (*Id.*)

In January 2009, Plaintiff again requested parole. (*Id.*) In his application, Plaintiff complained that he was being coerced into attending AA/NA meetings and that he was subjected to homosexual acts by his cellmate while in the Therapeutic Community Program. Plaintiff's application for parole was denied on March 5, 2009. (*Id.*) Shortly thereafter, Plaintiff was afforded an alternative option to the Therapeutic Community Program, which he completed on January 12, 2010. (*Id.*)

On December 6, 2010, Plaintiff's application for parole was granted. (*Id.*) As conditions of his parole, Plaintiff was to complete an inpatient treatment program and maintain employment. (*Id.*) The plaintiff's tentative release date was scheduled for April 19, 2011. (*Id.*) Prior to his release, however, Plaintiff submitted correspondence indicating that he was no longer seeking to be released on parole and he instead wanted to "max out" and return to California. (*Id.*)

After commencing this action on March 21, 2011, Plaintiff subsequently filed the Amended Complaint on August 16, 2011. (Doc. 18.) Defendants moved to partially dismiss the Amended Complaint on October 14, 2011. (Doc. 23.) Magistrate Judge Mannion issued a R & R on August 16, 2012, recommending that Defendants' partial motion to dismiss be granted. (Doc. 62.) Plaintiff filed a single objection to the R & R. (Doc. 63.) As Plaintiff's objection has now been briefed, it is ripe for disposition.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

## III. Discussion

In the R & R, Magistrate Judge Mannion recommends dismissal of Plaintiff's claims brought against the Parole Board, SCI-Coal Township, SCI-Coal Township Sunrise Mountain Therapeutic Community Program, and the individual defendants in their official capacities based on the doctrine of sovereign immunity. (Doc. 62, 5.) The Magistrate Judge also recommends dismissal of the claim for damages asserted under the Pennsylvania Constitution because there is no private right of action for damages in a suit alleging violation of the Pennsylvania Constitution. (*Id*. at 10.) Plaintiff has not objected to these

recommendations. (Doc. 63.) Finding no clear error in these uncontested portions of the R & R, the claims will be dismissed.

Magistrate Judge Mannion also recommends that the claims against Defendants McVey, Barkley, and Daub be dismissed for lack of personal involvement. (Doc. 62, 8.) Plaintiff has also not opposed this recommendation. (Doc. 63.) As this recommendation is not clearly erroneous, the recommendation to dismiss the claims against McVey, Barkley, and Daub for want of personal involvement will be adopted.

Finally, Magistrate Judge Mannion asserts that the claims against Defendant Gene Mull are barred by the statute of limitations. (Doc. 62, 6.) As noted by Magistrate Judge Mannion, all the actions alleged to have taken by Defendant Mull occurred in 2006 and 2007.

Plaintiff objects to the Magistrate Judge's recommendation to dismiss the claims against Defendant Mull. (Doc. 63.) Specifically, Plaintiff asserts that his claims were timely filed pursuant to the "continuing violations doctrine." (*Id*.)

"In § 1983 cases, federal courts apply the state personal injury statute of limitations, which is two years in Pennsylvania." *Muhammed v. Court of Common Pleas of Allegheny Cnty.*, No. 11-3669, 2012 WL 1681861, at *2 (3d Cir. May 15, 2012) (citing *Smith v. Holtz*, 87 F.3d 108, 111 & n.2 (3d Cir. 1996); 42 Pa. Cons. Stat. Ann. § 5524 (West 2004)). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id*. Nevertheless, "'the continuing violations doctrine' constitutes an 'equitable exception to the timely filing requirement.'" *Id*. (quoting *West. v. Phila. Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995)). Under this doctrine, "'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would

otherwise be time barred.'" *Id*. (quoting *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)). To benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts," *West*, 45 F.3d at 755, and the doctrine "does not apply when plaintiffs are aware of the injury at the time it occurred." *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 417 n.6 (3d Cir. 2003).

Magistrate Judge Mannion's recommendation to dismiss the claims against Defendant Mull will be adopted. Here, there are no allegations that any of the actions by Defendant Mull occurred within the limitations period. That is, Plaintiff does not allege any conduct on behalf of Defendant Mull that occurred within two-years before March 21, 2011- the date this action was commenced. Rather, all of the actions allegedly taken by Defendant Mull occurred in 2006 and 2007.[1] As such, the "continuing violations doctrine" fails to cure the untimeliness of Plaintiff's claims against Defendant Mull because the most recent act taken by Defendant Mull still did not fall within the applicable limitations period. Plaintiff's claims against Defendant Mull will therefore be dismissed.

## IV. Conclusion

For the above stated reasons, Magistrate Judge Mannion's Report and Recommendation will be adopted in its entirety.

An appropriate order follows.

September 25, 2012            /s/ A. Richard Caputo
Date            A. Richard Caputo
           United States District Judge

---

[1] Defendants' submissions indicate that Defendant Mull retired in 2008.

5